United States District Court
Southern District of Texas

**ENTERED**

July 26, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GEOFFREY PETERS, TDCJ-CID #02019190, | § § § | |
| *Petitioner*, | § § § | |
| v. | § § | Civil Action No. H-23-2668 |
| BOBBY LUMPKIN, | § § | |
| *Respondent.* | § § | |

**ORDER OF DISMISSAL**

Petitioner, a state inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed a habeas petition under 28 U.S.C. § 2254 challenging his two 2015 Montgomery County felony convictions for retaliation. Records for this Court show that petitioner's earlier habeas petition challenging these convictions was denied in *Peters v. Davis*, C.A. No. H-18-0645 (S.D. Tex. Sept. 26, 2019). The United States Court of Appeals for the Fifth Circuit denied petitioner a certificate of appealability. *Peters v. Lumpkin*, Appeal No. 19-20717 (5th Cir. Feb. 26, 2021).

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), in part to make it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." *Graham v. Johnson*, 168 F.3d 762, 772 (5th Cir. 1999). The AEDPA requires dismissal of a second or successive petition filed by a state prisoner under section 2254 unless the claim relies on a new rule of constitutional law or the

factual predicate could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(b)(2). More importantly, the AEDPA bars a district court from considering a second or successive petition unless the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id*. § 2244(b)(3)(A); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (explaining that section 2244(b)(3)(A) acts as a jurisdictional bar to a district court asserting jurisdiction over a successive habeas petition until a court of appeals grants the petitioner permission to file one).

The instant habeas petition is a successive petition. Public online records for the Fifth Circuit Court of Appeals do not show that petitioner has been authorized by that court to file the instant section 2254 habeas petition. Accordingly, the Court is without jurisdiction.

This case is **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. Any and all pending motions are **DENIED**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the  26th day of July, 2023.



_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

2